IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAMON T. WILSON | § | |
| v. | § | CIVIL ACTION NO. 6:15cv612 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Petitioner Damon Wilson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Wilson was convicted of aggravated sexual assault and indecency with a child on April 24, 2007, receiving a sentence of 25 years in prison. This is the third federal habeas corpus petition which Wilson has filed concerning these same convictions. *See* Wilson v. Director, TDCJ, civil action no. 6:10cv17 (E.D.Tex., dismissed with prejudice April 24, 2010, *appeal dismissed by denial of COA* May 9, 2011, *cert. denied* October 17, 2011); Wilson v. Director, TDCJ, (E.D.Tex., dismissed without prejudice as successive October 16, 2013, with refiling conditioned upon receipt of permission from the Fifth Circuit Court of Appeals to file a successive petition). The online records of the Fifth Circuit show that Wilson has twice sought and been denied leave to file a successive petition. In re: Damon T. Wilson, slip op. no. 12-40673 (leave to file successive petition denied August 8, 2012); In re: Damon Wilson, slip op. no. 14-40028 (leave to file successive petition denied March 26, 2014).

Federal habeas petitioners must obtain permission from the appropriate court of appeals prior to filing a successive petition. 28 U.S.C. §2244(b)(3). After review of the pleadings, the magistrate judge issued a report stating that Wilson has not shown receipt of permission from the Fifth Circuit to file a successive petition. The magistrate judge therefore recommended that the petition be dismissed without prejudice until Wilson obtains such permission.

Wilson's objections are primarily devoted to arguing the merits of his claims. In his only reference to the magistrate judge's conclusion that the petition is successive, Wilson states as follows:

> I have not shown permission yet, because this Court has the right to order the state court obey the requirements of 28 U.S.C. §2254(d) [sic] first before asking petitioner to get permission from the 5th Cir.

The Fifth Circuit has stated that "a district court cannot exercise jurisdiction over a second or successive §2254 petition without authorization from the court of appeals." Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003); *see also* United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). The magistrate judge correctly determined that because Wilson has not obtained permission to file a successive petition, the district court lacks jurisdiction over his claims. Wilson points to no authority giving the district court the power to give orders to the state courts before directing that he obtain permission to file a successive petition as required by 28 U.S.C. §2254(b)(3).

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the report of the magistrate judge (docket no. 8) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**, with re-filing conditioned upon Wilson obtaining permission from the Fifth Circuit Court of Appeals to file a successive petition. He may not re-file this petition until such permission is obtained. It is further

**ORDERED** that the Petitioner Damon Wilson is **DENIED** a certificate of appealability *sua sponte*. The denial of a certificate of appealability refers only to an appeal of the present case and does not limit Wilson's right to seek permission from the Fifth Circuit to file a second or successive petition. It is further

**ORDERED** that the Clerk shall send to the Plaintiff, without charge, copies of the Plaintiff's original complaint and exhibits, (docket no. 1), the memorandum in support (docket no. 2), and the Report of the Magistrate Judge (docket no. 8). Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 21st day of October, 2015.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE